That brings us to our final case of the day, the International Brotherhood of Teamsters Local 947 v. NLRB. Mr. Wolfmeyer, you are up first. Thank you. May it please the Court, Your Honors, my name is Nicholas Wolfmeyer. I represent the petitioner of the International Brotherhood of Teamsters Local 947, which for brevity and clarity's sake I'll just refer to as the union. I also wanted to inform the Court that if it has questions, it deems more suitable to ask counsel for the charging party, who is Matthew C. Brown in this case, an individual. Counsel for the charging party, Mr. Jeffrey Klink, is also on the line and is available to answer those questions. If he wishes to answer questions, he'll need to have some time. So should we assume that unless you hand off the time to him, you'll be answering all the questions? Your Honor, this is Jeffrey Klink. I think that was the understanding that we reached yesterday in the preliminary conference call. Okay. Thank you. Please continue, Mr. Wolfmeyer. Mr. Wolfmeyer, are you there? It looks like we lost the attorney for the petitioner. We did. Could you please stop the time, Mr. Clerk? Yes, Your Honor. We'll wait a moment and I hope that Mr. Wolfmeyer reappears. Yes, Judge Green. This is Ken. It looks like he has dropped off the conference. Okay. Well, hopefully he will be back on shortly. Hello? Is that Mr. Wolfmeyer? Mr. Wolfmeyer? Mr. Wolfmeyer? Judge Green, he connected briefly, then we lost him again. Please stand by. Thank you. Mr. Wolfmeyer? Mr. Wolfmeyer? Mr. Wolfmeyer? Mr. Wolfmeyer? Oh, gosh. This isn't encouraging. We've lost all the lawyers? Have we lost all the lawyers? This is Jeffrey Klink. I'm still online. Klink, you may have to handle both sides. I'm wondering who has put us on hold. Okay. There we go. That's better. Judge Grant, again, this is Judge Marcus. I take it we did not lose Mr. Klink. What about the attorneys for the respondent and the intervener? This is Mr. Wolfmeyer. I'm back on. I got disconnected somehow. I'm not really sure how that works. Well, let's make sure, given these problems that we've got before we get started, that we've got all the attorneys on so that we know that everyone will have the opportunity to hear all counsel speak. So we've got Mr. Wolfmeyer here, correct? Yes. Mr. Klink? Yes, Your Honor. Mr. Weiss? Do we have Mr. Weiss? Yes, Your Honor. This is Eric Weiss for the NLRB. Thank you. And do we have Mr. Shudroff? Yes. Good morning, Your Honors. Good morning. Okay. Well, now that we've got everyone, let's get started with Mr. Wolfmeyer. You've got 12 minutes and you've reserved three for rebuttal. Thank you, Your Honors. Once again, if it may please the Court, my name is Nick Wolfmeyer. I represent the International Brotherhood of Teamsters Local 947, which I'll refer to as the union. As you already know, the Intervenor Charging Parties Counsel, Matt C. Brown, is also on the line. If you do have questions for him that you think are more suitable for him, I'm willing to give up that time to ask, but otherwise I intend on using the 12 minutes and three minutes for rebuttal. With that said, I'm here today because the National Labor Relations Board decided in this case that it was precluded from even deciding this case on the merits based on the petition clause of the First Amendment. In doing so, it interpreted Bill Johnson's restaurant, which is binding Supreme Court precedent, as well as First Amendment jurisprudence, as articulated in Bill Johnson's restaurant, incorrectly. We would hold that the Court owes no deference to the Board's interpretation of the United States Constitution because it has no special expertise and it is, in fact, actually bound by the U.S. Constitution, of course. The Board then compounded its error by applying the jurisprudence both inconsistently with past precedent and illogically by adding new and arbitrary requirement to the analysis. The Union will ask this Court at the end to reverse the Board's ruling, remand the case to the Board, to decide the case on the merits. Briefly, as is stated in its reply brief, the Union is in agreement with the Board on many things in this case, including the material facts leading up to the charge, as well as the analytical framework, which we would assert is Bill Johnson's restaurant's footnote five. Briefly, Bill Johnson's restaurant was a petition for review of a final order from the Board, not unlike this case, of course, seeing that there was an unfair labor practice for retaliation under 8A1 and 8A4, which is retaliation for filing a Board charge in state court. The employer sued the employees for engaging in protected concerted activity, libel, and picketing. As part of the Board's final order, the employer was required to withdraw state court lawsuits and pay the employees legal expenses. The Ninth Circuit enforced that order, and the Supreme Court reversed. And in doing so, what the Supreme Court did was stated unanimously, with one person concurring in that judgment, that the court held that the state lawsuit could not be enjoined based on a finding of retaliation alone, which was what the Board, what their theory of the case was at the time. The court emphasized that part... Mr. Wolfmeier, this is Judge Carnes. I think we know what it said. What I'd like to know is tell me how you think this case affects this litigation. What's your take on it? Well, so sure, of course. So I think the language of Bill Johnson's is clear, and the Board is adding this requirement in it. And let me tell you why that is. And I know you've seen it probably cited by everyone at this point in this footnote 5, and it says we're not dealing with a suit that is claimed to be on the jurisdiction of the state courts because of federal law preemption or a suit that is an objective that is illegal under law. To us, it's straightforward. This is a suit, or in this case a motion to compel, which case law has informed us that is equivalent to a lawsuit, that has an objective that's illegal under the NLRA. And the employer itself, Anheuser-Busch, has never contended that its motion to compel, pursuant to this conflicting arbitration policy that only applied to non-bargaining people, ever applied to Mr. Brown. So we think that the language is plain and the language is clear. As far as to answer the question, I guess more specifically, how this applies to other cases, I think that's one of the big issues in this case. On its face, it seems like this rare case with a weird procedural posture that might come up rarely, but if ever. But what's troubling about this case to the union is footnote 9, which says that it doesn't matter that Brown's employment status. So in effect, what they're saying is that regardless of whether Brown is in fact a statutory employer or not, the petition clause gives the employer the right to apply unilateral change to bargaining unit members. This is Judge Grant. You've certainly made arguments that filing a motion to compel or filing this motion to compel was in and of itself an unlawful unilateral change to the employee's terms and conditions of employment. Do you have any cases that support that argument? Has that argument ever succeeded in a court before? So to answer your question, there are cases that apply motions to compel under the illegal objective in Bill Johnson's. They mostly come under the Murphy Oil, which was back when the board found that collective bargaining agreements couldn't have mandatory arbitration clauses for collective FLSA suits were unlawful. There were cases, and I believe we cited to them, that where the NLRB went to court and stopped or attempted to stop an employer mandating arbitration in those cases. I think as far as NLRB precedent and what's binding on them as an agency, I think the case cited by the defense is the closest thing we have to being on point, which would be the union's interpretation of contractual language and filing an aggrievance or requesting arbitration. And this is not an uncommon case, but this is a very equivalent to a motion to compel where it's not necessarily unlawful on its face, but because the union is interpreting it in a way and applying it to a situation, all of a sudden it's an illegal objective under the NLRA, which of course is a federal law. And we really think it is that straightforward. But does the union view that it is illegal? Is that dispositive in our determination of whether it's an illegal objective? No. So I think what's dispositive in this case is, again, what we're asking is that you remand it back to the board. I think the only arbiter that's actually looked at the case other than a dissent, which of course isn't binding, is the ALJ, who looked at that issue and he found it to be a pretty straightforward failure to bargain, 8A5 and 8A1 derivative charge, and he would find recommended an unfair labor practice. Of course, the board said that they're precluded from even addressing that on the merits, so that's what we would ask this court to do, is transfer it back to the board so they can make that determination on the merits. But again, we don't think that there's this underlying lawful act. We think that's an arbitrary and frankly illogical addition to Bill Johnson's. The reason for that, I think, is summed up well when the majority addresses the dissent in this long elevators case. And in that long elevators case, again, it's about trying to compel a grievance through the grievance procedure. The majority really could have just, you know, I'm not going to try to give them advice, but they might have said, you know, this case is different and distinguish it, but instead they doubled down on their case theory, which I think shows the logical fallacies in this case. And that's by really coming out and saying, well, because they interpreted the contract this way, then there's an underlying act, which is the contract itself. And, I mean, I don't think it takes an attorney or even a teacher not to dissuade. I mean, these members are very in the chair, well-versed in labor law, of course, but I think that's grammatically not a great way to put it, to say that a contract can be an act, which is usually an action, right, that just doesn't make sense. Can you help me, Mr. Wolfmeier? I'm not sure I understood what the NLRB was saying. The NLRB read into the case law a requirement that in order to meet the illegal objective exception, a lawsuit must seek to enforce an unlawful, quote, underlying act. What does that mean? Well, see, you know, that's a great question, Your Honor, because that's not part of what, you know, the Supreme Court's ever said, and that's not part of the NLRB's jurisprudence or consistent holdings in this matter. That's something that they took from a case that was decided in 2001, 18 years earlier, which was frankly, I think, dictated by an ALJ. The reason I ask the question is it may just be a semantic dispute, and it may be confusing, or it may go beyond that, and I'm just trying to find out what your take on what the NLRB was saying here. To me, it adds nothing to the analysis, but I'm not quite sure what an underlying act means rather than itself being unlawful. I'm not sure what these terms mean. Sure. So I see I just have a few seconds left, so if I may ask... Please, if you could answer my question. Sure. Take your time. Thank you. So this underlying act requirement seems to say that there has to be some, I guess, action. So, for instance, let's say if it's a union threatening violence, which would itself be unlawful, right? Or in the context of a union unlawfully trespassing or picketing, right? That might be unlawful against a state or local law. When it comes... It's very hard to apply that standard to some of the cases that are cited, both in the dissent and the majority, and I think there is a case that it is just semantics, but I also think that they are trying to distinguish... The majority in this case is trying to distinguish in some way why they're requiring this underlying act and how come they're not following some of the past cases like Long Elevator, which didn't have this requirement. So I don't think it's necessary to the analysis. I question why it's in there, and I don't think it's... I think it's an arbitrary addition to the case law. Thank you. With that, I'll yield my time. Thank you. Now we'll hear from Mr. Weiss. Good morning. May it please the Court, this is Eric Weiss on behalf of the National Labor Relations Board. Excuse me, I thought, was Mr. Klink going to speak or not? I believe that he was simply available if we had questions. All right, all right. Well, I'm sorry, I meant I was confused. I had a specific question for him, but we can go forward. Thank you, Mr. Weiss. Yes, thank you. So before turning to more of the merits of the case, and in particular answering your question, Judge Marcus, if I could just begin by highlighting, as we explain our answering brief, and as I think the Petitioner Union now agrees, that the issue before the Court in this case is exceedingly narrow, and that's whether, assuming that the Bill Johnson framework is applicable here, because no party challenged it below its application, whether the employer's motion to compel arbitration in this case fits within the illegal objective exception to Bill Johnson's. And because that's the only issue properly before the Court, I'd just point out that there's a number of issues raised in the briefing by the Union, by Intervenor Mr. Brown and by the Intervenor Anheuser-Busch, that in the Board's view are not properly before the Court, either because they weren't argued to the Board below and thus are jurisdictionally barred, or because they involve reasoning beyond the scope of the Board's actual decision and order. Mr. White, this is Judge Carnes, and I have a fundamental question before we get to some of this other business, and that is, what Court is supposed to decide this? Let me say, just speaking for myself, as to, I'll call it, with all the initials we've got going around, I'll call this the arbitration agreement, as to be distinguished from the collective bargaining agreement. To me, you have loads of obstacles on that agreement. You have 1410 Plaza that says you're supposed to clearly, in any collective bargaining agreement, make it clear that the employee is waiving a right to litigation in a court of statutory Title VII types of things. That didn't happen here, I don't think. You've got your argument that, well, what the heck about that? He signed it beforehand. He wasn't even an employee. But then you've also got case law that says, look, employee definition stretches more broadly than that. It covers both, you know, when you get hired, whatever you signed before, it still covers you when you're hired, and it covers you when you're fired, if that's the basis. So there are, I think, challenges on the merits of what you're trying to do here just to get it arbitrated. My fundamental question is, who decides this? Because, and that was why I was going to ask Mr. Klink, in his brief, he had said there is concurrent jurisdiction for the court, district court, and for the NLRB to decide this kind of matter. And last night I put 1410 Plaza in West just to see what was coming up, and lo and behold, just a month ago, we have a case from the Northern District of Georgia, owed the same company, the same kind of thing, same dispute, same arbitration agreement, it's a little bit different. And the district court judge there decided it. He said, no, no, AB, you're wrong, you can't do this. He interpreted the NLRA, and he decided that, no, you can't, this is not arbitrable under this arbitration clause. So my fundamental question is, are we in a disagreement now about the concurrent jurisdiction? Who decides this? Is it that the NLRB should wait and let a court decide it when the court has been deciding it? At what point can the NLRB step in and say, no, no, no, court, you don't get to decide this. And I'm sorry I didn't ask that to counsel before, but in rebuttal, perhaps he can give me his position. What is your position on this concurrent jurisdiction business? Yes, Your Honor, well, first to be clear, the NLRB is not actually asking that this case be arbitrated or taking any position on the merits of the arbitration agreement or the merits of the district court litigation. The board's only finding in this case, and the only finding on review in the current posture, is whether the board properly found that it was precluded from finding the motion to compel arbitration to be a statutory unfair labor practice under the National Labor Relations Act. And now that the board has dismissed the unfair labor practice complaint, again, the board takes no position, but presumably the parties could continue litigating the merits of all of this before the district court in the Middle District of Florida. And in that posture, you know, Mr. Brown or the petitioner may or may not be able to allege as a contractual defense that the arbitration agreement is, you know, perhaps invalid somehow under federal law. All the board found here is that under Supreme Court precedent, the board as an administrative agency is precluded from judging this petitioning conduct to be a statutory violation. And so, again, the board has... Well, let's say, let's follow this through, and let's say, just like the old case, and I've seen some other district court cases where this same kind of argument goes through the district court and you lose. You lose on this argument because 1410 Plaza seems to me to say you can't do what you're trying to do here. So you lose. Can the litigation of what may be a loser argument reach the point where the NLRB can say this is an unfair labor practice to continue doing this? Well, Your Honor, I think based on the Supreme Court's opinion and BD and K construction, which involves completed litigation, which a court had already found to lack merit, the Supreme Court has held that at no point can the National Labor Relations Board adjudge petitioning conduct to be an unfair labor practice. So I think as far as the board is concerned, the fact that it's dismissed the case, the complaint in this case, it would also have dismissed the complaint if a charge was brought after the litigation was completed. So I think in the board's view, it's just two completely separate proceedings. And, again, the board has no position whatsoever on the district court litigation or the merits of Anheuser-Busch motion to compel arbitration. So what is the board here instead of just relying on the petition clause that said let's just get to the merits of this? And the merits of this is you did not negotiate this as you were required to do. The collective bargaining agreement is silent on this. We look at 1410-5, which says you've got to be clear about this if you're going to waive it. And they say, you know, Anheuser-Busch, sorry, but this is not going to work. Had they said all of those things, where would we be? Well, I think that's the, again, the board would not have been in a position to say that the motion to compel on the merits was improper. The only question before the board was whether the actual act of filing that constituted a statutory unfair labor practice. And that's the only issue that the board has resolved based on this threshold issue. Yes, but what if they had gone forward to look at, to look to also some of the underlying issues the ALJ had looked at? Had they gone ahead and resolved this, then where would we be? Well, I think that the board resolving that is precisely the type of resolution that the Supreme Court intended to avoid in Bill Johnson's because, as the Supreme Court explained in that decision and also in BE&K, the very fact of requiring a lawyer who has engaged in petitioning conduct to litigate that and to perhaps have an adverse unfair labor practice finding, even in the context where there's not a cease and desist order, the Supreme Court has held that that's an improper interference with the constitutional rights of petition. And that's why this is sort of a threshold issue that before the board even gets to the merits of the unfair labor practice charge, which the board did not reach here has to ask whether the very act of performing that analysis might interfere with petitioning conduct. And Bill Johnson's framework provides a mechanism for balancing those two interests. And as the board found here, this motion to compel arbitration simply did not fit into one of the existing exceptions that the Supreme Court set out in Bill Johnson's. Specifically, the illegal objective exception, which was the only exception raised to the board and preserved for this court's review. Would you concede that if at the least somehow we get to closure here and we get an appellate court decision saying, look, you can't use these arbitration agreements you're using for the variety of reasons I've said. They're not going to be valid. Company, you can't do it. Would there come a point where if the company just keeps trotting this out in every case of trying to compel arbitration when it becomes clear, I guess, through an appellate court ruling? I don't know if it comes clear through finally the board saying something. At that point, then, if companies continue to do that, would that be deemed baseless and therefore a proper subject of an unfair labor practice charge? Well, the primary exception under Bill Johnson's, Your Honor, is the baseless and retaliatory exception. And I imagine... It would be hypothetical if there were clear judicial precedents saying, you know, this is illegal to file a motion to compel arbitration, again, as a hypothetical, that that would presumably be baseless and potentially retaliatory. It would depend on the facts of the specific case that was brought up. But again, I think the board's view is that the issue before the court in this case is very narrow and does not necessarily reach to the extent that a motion to compel is valid at all. The sole issue is whether the board properly found that as a constitutional issue it was precluded from reaching the statutory unfair labor practice issue. And I see that... I apologize. I've taken all your time on this, and I'm sure my colleagues may want to ask other questions. So I apologize for monopolizing this. Mr. Weiss, I have a question for you. The same question I asked the other day. The NLRB read into the case law a requirement that in order to meet the illegal objective exception enumerated by the Supreme Court in Bill Johnson that a lawsuit must seek to enforce an unlawful underlying act rather than itself being unlawful. What does that mean? I'm not sure I understand it. Yes, Your Honor. And before I answer the question, the board has divided some of its time to four minutes for the intervener, Anheuser-Busch. So I'm over time. I'll answer the question, of course. No, no, I want you to help me with my problem, Mr. Weiss. Yes, I understand. I'm not sure I understand what the board has said here. They certainly haven't addressed the problem of the contractual application to Brown and whether that would be unlawful. But I want you to sort of untangle for me the theoretical foundations of what the board is saying. What is an underlying act rather than itself being unlawful? What's that mean? It's confusing to me. Right. I think what the board found that its reading of the illegal objective exception is that the Supreme Court must have intended that there needs to be something unlawful aside from the actual acts of filing, engaging in sedition and conduct, which in this case was filing a motion to compel arbitration. So, for example, in the long elevator case that was discussed by counsel for the petitioner as well as the dissenting board member, the distinction is that in that case, engaging in sedition and conduct had adopted an interpretation of an ambiguous contractual provision that would have converted it into a contractual clause that is illegal under the National Labor Relations Act. Similarly, in the Murphy Oil cases that counsel for the petitioner cited in those cases, at the time, the Supreme Court has now reversed the board, but at the time, those arbitration provisions were facially unlawful. And so, separate from the actual act of filing a motion, there was an unlawful act. Let me come at the question more directly this way. A contract could be facially lawful and yet be unlawful as applied to a particular employee, can't it? That's correct, Your Honor. What are they saying here? Is the board saying all we're looking at is whether it's facially lawful or not? Rather than looking at, bear with me, rather than looking at whether, even assuming it's facially lawful, it was unlawful in its application to Brown. Yes, I think the board's finding in this case was based on the board's view of the illegal objective exception such that because the only alleged unfair labor practice in this case was a unilateral change affected by the filing, in the board's view, that is outside of what the Supreme Court contemplated with the illegal objective exception because... Which is another way of saying it's facially lawful and therefore, whether it was unlawful as applied to Brown or not we have no moment that doesn't fall within the exception in Bill Johnson. I just want to understand, is that what they're saying? Or have I misapprehended that as well? Well, I think what the board is saying, Your Honor, is that it turns on the actual mechanism of what is alleged to be unlawful. For example, in the long elevator case, that was, in essence, a facially lawful contract provision because it was ambiguous. But the alleged unlawful portion of that is that the interpretation of the union would have converted it into an unlawful provision. Whereas here, there's no allegation that the arbitration agreement itself is unlawful or would become unlawful in substance. The allegation is that the fact that the employer basically announced its application to Brown through a motion to compel arbitration was an unfair labor practice. And thus, the only allegation is that the petition in conduct itself was a statutory unfair labor practice. And the board's view of that is distinct and falls outside of the illegal objective exception. I understand that's what they say, but explain the rationale behind that. I think the rationale, Your Honor, is that if the court looks at Bill Johnson's, for example, the Supreme Court emphasized the importance of protecting petition in conduct because it falls within the First Amendment. And the Supreme Court has cautioned the board on numerous occasions in Bill Johnson's and the Shurtan case, again, in B and K, that the board needs to be cognizant of improperly interfering with petition in conduct. And so, in this context, I think the board's reasoning was that it would be too broad of an interpretation of the illegal objective exception to find that it can include unfair labor practices where the actual petition in conduct is the alleged unfair labor practice. Thank you. And if there's no further questions, thank you, Your Honor. Mr. Shedroff, am I pronouncing that correctly? Yes, Your Honor. May it please the Court. Thank you. My name is Daniel Shedroff, counsel for the Respondent-Intervenor Anheuser-Busch Brewing Properties, who I'll refer to in this matter as Anheuser-Busch. The National Labor Relations Board majority correctly dismissed the unfair labor practice complaint against Anheuser-Busch. In doing so, the board majority properly found that Anheuser-Busch lawfully exercised its right to petition the government by filing a defensive motion to compel to enforce a pre-employment arbitration agreement in response to Mr. Brown's discrimination lawsuit. The board majority appropriately recognized that it had no authority to interfere with the district court's active consideration of Anheuser-Busch's motion to compel. Anheuser-Busch has not taken any action against Mr. Brown other than to request that the court rule, the district court rule, on its well-founded motion to compel. The Federal Arbitration Act embodies a liberal federal policy favoring arbitration agreements. And as mentioned earlier in this argument, that liberal policy prevails over the National Labor Relations Act, and that has been how the Supreme Court has interpreted it in accordance with the Epic System slash Murphree Oil case that was referenced earlier. And it is undisputed that the dispute resolution program is valid on its face. Therefore, and this may be to answer Judge Marcus's question, Anheuser-Busch's motion to compel seeking enforcement of that valid agreement lacked any legal objective pursuant to the Supreme Court's decision in Bill Johnson's. The motion to compel was also not baseless. Mr. Brown and Local 947 never filed a Rule 11 motion in the district court. And in fact, the district court has not even ruled on the motion to compel yet. And it's undisputed that Anheuser-Busch did not file the motion to compel to retaliate against Mr. Brown. Mr. Brown's motion to compel has not occurred. If the district court honors the Federal Arbitration Act and grants the motion to compel, the claims will be adjudicated in the arbitral form in accordance with the dispute resolution program. Two minutes remaining. My question Mr. Shedroth is, again, we have this recent Northern District of Georgia case. I've seen others where companies lose on these kinds of arguments. At what point can we, would you concede that if companies continue to try to compel arbitration when it becomes clear that's not, this is not, it's inconsistent with NLRRA and all the other cases I've cited, at what point then does it become baseless and does it become retaliatory? And I gather you're saying at this point the law is not settled enough that it was baseless for Anheuser-Busch to do it in this particular case. That's correct Your Honor. And the point, you know, there was another Fifth Circuit case that enforced this very dispute resolution policy. For something to be baseless and retaliatory, I mean, I think that one of the points I made earlier was about a Rule 11 motion regarding something being frivolous. At this point the district court has not even ruled yet on Anheuser-Busch's grounds to compel. So I think it would be hard pressed to presume that something would be baseless. And I believe Bill Johnson requires both the action to be both baseless and retaliatory for it to be enjoined as part of an unfair labor practice. And that hasn't happened here yet. And also, I mean, for the other reasons, even if there were no constitutional grounds to dismiss the unfair labor practice complaint against Anheuser-Busch, there are the other reasons that were illustrated by the company before the administrative law judge that Mr. Brown was not a current employee when he signed the dispute resolution program and when it was enforced against him in response to his complaint. So, I have none. All right. Thank you. Thank you, Your Honor. Thank you. Now, it sounds like, Judge Carnes, it sounds like you have a question for Mr. Klink on rebuttal. Do I understand that correctly? Right. Yes, if we could have Mr. Klink appear at this point. Yes, I'm here, Your Honor. Mr. Klink, you started my thought process with your brief talking about concurrent jurisdictions and the questions I asked before. Are we talking here about nothing more than which jurisdiction is going to actually decide this and why, if it's not crystal clear at this point, why is the Fifth Circuit has rules consistent with the company's position? Why is not the best procedure to do is what happened before go through this district court litigation? Again, speaking for myself, sounds like the company's in an uphill battle as to whether arbitration would be compelled, but why not let the district court rule as opposed to going via an unfair practice charge? Your Honor, I think the district court has stayed the litigation and deferred to the NLRB proceedings to decide this basic issue. All right, but forget that. Let's assume they could go forward. They don't want to handle this hot potato either, but let's let them go ahead and decide it. The board decided it? The district court, as they've done in other cases. Well, I think exactly that was what the district court was doing, and was it not going to do it until it decided or until the board concluded its proceedings at this point. But in effect, the board decision erases seven to eight years of waiting and litigation as to whether there was an unfair labor practice in trying to enforce an agreement that the union or the employer had no right to enter into with the employee, because it was not negotiating with the exclusive collective bargaining representative. My question is, essentially, you would get relief for the district court. The district court will rule on this. A decision will be rendered as to whether or not the arbitration can be compelled. Why is that not   if you think there is a suitable way to handle this on these cases than to have the NLRB come in with an unfair practices charge, why not see it through? You still get your day in court, correct? That's correct, Your Honor. And we raised these unfair labor practice issues in response to Anheuser-Busch's motion to compel. And the district court decided to defer to the NLRB to decide the issue under the board's primary jurisdiction of deciding what constitutes an unfair labor practice. So it's a problem here, counsel, that that the district court deferred, it went to the NLRB, the NLRB ruled, and so even if it would have been wiser to resolve it in the district court, in the first instance, that's not the procedural posture we find ourselves in now. Well, that's why the district court deferred to the board to decide whether this constituted an unfair labor practice. Right. I guess what I'm asking is, is there any way for this court on this appeal from the NLRB's determination for us to simply avoid the question and we can't just send it to the district court? The only thing before us is an appeal from a final determination by the board, which determined the question because essentially the district court deferred. The district court could have handled it but chose not to. Is there anything we can do about that decision and the procedural posture of this case now? I do not think so. I think that having the district court re-decide the issue that the administrative law judge has already decided in which the board itself has ducked is an option. And then the   decide whether it is right or wrong. Is that correct in your view? Yes. I think that issue has been decided. I would be surprised if the federal judge in Jacksonville would decide contrary to the ruling that was made by the administrative law judge. It would be a great opportunity to try to defend against this unfair labor practice complaint. If I might say one additional matter, the Texas case that Anheuser-Busch keeps citing to, the proceedings in that case are part of the record that was mentioned in the brief, the  court's records. But that case, there was never an issue raised in that case as to whether the individual arbitration agreements, the application agreements, were lawful under the national labor relations act. That was never a litigated issue. So it's not that argument that decision means that this can't be a baseless argument is not a binding, it's not precedent on that point, because it was an issue that was never decided. It wasn't ever even raised or briefed by the parties. And that party in that case, the Scott Smith   case was never considered as a litigant. I appreciate the court's time, if there's any other questions they have of me specifically, I would be happy to try to answer them. We will run over and I apologize to the attorney if I consumed the time he was expected to be able to spend. Mr. Wolfmeier, I'll give you one minute if you had any quick points you wanted to make. I'll just make two quick points. One, I think the board is correct when we do agree that this is analyzed under the illegal objective standard as far as we're concerned. The other points that were made about whether it's baseless or not, I agree with the board that those issues were not preserved or brought properly, so those are not at issue. But I do want to make clear that there are two arbitration agreements, the one with the union and the one with the  And the other is that the Anheuser-Busch is trying to apply unlawfully again under 885. The last point I would make is that we keep talking about Bill Johnson's and baseless and retaliatory and I think the emphasis in that case is on the state's interest, the state's rights, compelling interest in local concerns, so I don't think that's relevant at all to this particular case which is a federal law. With that, I will ask the court again to remand the board with instructions to decide the case on its merits. Well, thank you very much. Thank you to all of our counsel today. We appreciate everyone this week managing through some of the technological hurdles and also the unique challenges in any event of doing handling oral    today the counsel's help to us in understanding your cases, and with that, we're dismissed. Thank you. Thank you. Thank you. Thank you.                   Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.